TIBBETTS *& a. v.* SHAPLEIGH.

The validity of a claim directly in issue, and once determined by a judgment upon the merits, is not open to inquiry in a subsequent action between the same parties, except upon a proceeding to set aside the former judgment.

A plea of a former judgment in bar is not affected by filing a set-off containing the items of an account upon which the former judgment was rendered.

ASSUMPSIT.   The defendant, a wholesale merchant in Boston, furnished goods to the plaintiffs, who carried on business as a union store at Great Falls, N. H., and this action is brought to recover items of cash claimed to have been paid by the plaintiffs to the defendant at different times prior to February 9, 1875, and not credited by him.   Previous to the commencement of this suit the defendant had brought a suit against the plaintiffs in the municipal court for the city of Boston, in which he claimed to recover the sum of $100, balance due him on account, including an item of $53.04 charged as "balance of old account."   The plaintiffs appeared and answered, filing a general denial, and denying specially that they owed the item of $53.04 claimed as "balance of old account." A trial was had, and judgment was given against Shapleigh for costs, from which he appealed to the superior court, and on the appeal judgment was rendered against the present plaintiffs for the amount claimed by Shapleigh.  In the present action the defendant pleaded the general issue, with a brief statement that he relied upon the Massachusetts judgment as a bar; and also filed a set-off embracing a statement of the account between the parties, as he claimed it.   The plaintiffs disputed the item of $53.04 claimed as "balance of old account."   The defendant requested the court to instruct the jury that the Massachusetts judgment was conclusive evidence that the plaintiffs owed him the item of $53.04, as the pleadings showed that that item was directly in issue in that suit. The court declined to give the instruction, and the defendant excepted.   The jury returned a verdict for the plaintiffs, and, in

answer to a specific interrogatory submitted to them, found that the plaintiffs did not owe the defendant the item of $53.04.

*Copeland & Edgerly*, for the plaintiffs.

*Wiggin & Fernald*, for the defendant.

CLARK, J. The Massachusetts judgment is conclusive of all matters determined or necessarily involved in the finding. *King* v. *Chase*, 15 N. H. 9; *Sanderson* v. *Peabody*, 58 N. H. 116; *Morgan* v. *Burr*, 58 N. H. 470. The record shows that the item of $53.04 was embraced in the finding in that case, and the judgment conclusively established the fact that the plaintiffs owed the defendant $53.04, as claimed by him in that suit. The finding of the jury in the present case is, that the plaintiffs did not owe the defendant the sum of $53.04, as claimed by him. It is, in effect, a reversal of the Massachusetts judgment as to the item of $53.04. A judgment cannot be impeached, annulled, or reversed in that way. The defendant's request for instructions, that the Massachusetts judgment was conclusive in his favor that the plaintiffs owed him the item of $53.04, should have been granted, and the exception upon this point is sustained. The plea of a former judgment is not affected by anything alleged in the plea of set-off. A plaintiff cannot use one plea as evidence of a fact which the defendant disputes in another plea. 1 Ch. Pl. 563; *Larry* v. *Herrick*, 58 N. H. 40.

*Verdict set aside.*

FOSTER, J., did not sit: the others concurred.